# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SYLVIA R. VEGA,
           Appellant,

        v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
SF-0752-11-0887-X-1

DATE: July 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Sylvia R. Vega</u>, San Antonio, Texas, pro se.

<u>Sarah Dawn Dobbs</u> and <u>Steven J. Shim</u>, Schofield Barracks, Hawaii,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On March 3, 2015, the administrative judge issued an initial decision finding that the agency had not fully complied with her prior initial decision issued on August 8, 2013, which became the Board's final decision on September 12, 2013. *Vega v. Department of the Army*, MSPB Docket No.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

SF-0752-11-0887-B-1, Board Remand File (BRF), Tab 10.  The matter was referred to the Board for consideration.  *See* 5 C.F.R. § 1201.183.  Previously, the Board had remanded the appellant's petition for enforcement for further adjudication, finding that the agency had not provided sufficient evidence regarding its back pay calculations and other adjustments to the back pay and benefits award.  *Vega v. Department of the Army*, MSPB Docket No. SF-0752-11-0887-C-1, Remand Order (Oct. 23, 2014).

¶2    In her initial decision, the administrative judge found that the agency failed to address the following issues in its submissions:  1) the appellant's contention that she elected not to have Federal Employee Health Benefits (FEHB) deducted for the period from her removal through December 2013; 2) whether the agency deducted union dues from the back pay award, contrary to the appellant's election; 3) whether it was required to correct the appellant's state W-2 forms; 4) whether it properly handled the appellant's Thrift Savings Plan (TSP) contributions; 5) whether it properly credited the appellant's annual and sick leave; and 6) whether it correctly calculated interest on the back pay award.  BRF, Tab 10 at 4-6.  Therefore, the administrative judge ordered the agency to provide evidence of compliance, including a full and complete narrative explanation of the calculation of back pay and other benefits, including health and retirement benefits, union dues, TSP contributions, interest, and any necessary corrections to forms W-2.  *Id*. at 7.

¶3    On April 17, 2015, the agency submitted a statement and supporting documentation detailing two back pay payments made to the appellant.  MSPB Docket No. SF-0752-11-0887-X-1, Compliance Referral File (CRF), Tab 4.  The first payment consisted of $28,421.51 in adjusted gross back pay and $481.57 in interest, totaling $29,903.08.  *Id*. at 88.  The second payment consisted of $46,146.73 in adjusted gross back pay and $2,439.58 in interest, totaling $48,586.31.  *Id*. at 91.  The agency also attached a report detailing the computation of interest on the back pay payments.  *Id*. at 89-93.

¶4      Regarding deductions from the back pay award, the agency stated that the appellant failed to request any changes to her FEHB deductions; therefore, the agency reinstated her FEHB coverage with retroactive payments. *Id*. at 6-7. The agency deducted a total of $6,819.02 in health benefits premiums from the back pay award. *Id*. at 84. The agency stated that it did not deduct union dues from the back pay award. *Id*. at 5, 14. The agency also stated that it deducted Hawaii state income tax totaling $1,406.97. *Id*. at 5, 14. The agency further stated that there should not be any adjustments to the state income tax deductions, and noted that the appellant may request a refund from the state of any taxes withheld during that period. *Id.* at 5.

¶5      Concerning annual and sick leave, the agency stated that it credited a total of 334 annual leave hours and 220 sick leave hours, in two payments, in accordance with the appellant's accrual rate of 6 hours of annual leave per pay period. *Id*. at 13. The agency also credited the appellant an additional 4 annual leave hours for the last pay period of the 2011 calendar year. *Id.*

¶6      The agency stated that it withheld a total of $1,350.00 in TSP deductions, as well as $1,350.00 in employer matching contributions. *Id*. at 12. The agency honored the appellant's existing TSP deduction of $25.00 per pay period in making this deduction. *Id.*

¶7      Finally, the agency deducted $152.10 in life insurance premiums for the Federal Employees' Group Life Insurance program. *Id*. at 84.

¶8      On April 21, 2015, the Board issued an Acknowledgment Order informing the appellant that any response to the agency's evidence of compliance must be filed within 20 calendar days of the date of service of the agency's submission, April 17, 2015. CRF, Tab 5. The Order notified the appellant that, if she chose not to respond, the Board might assume she was satisfied and dismiss the petition for enforcement. *Id.* The appellant did not file a response.

¶9      We find that the agency has produced sufficient evidence to establish that it paid the appellant the appropriate amount of back pay and benefits. In light of

the agency's evidence of compliance, and the appellant's failure to respond, we find the agency in compliance and DISMISS the petition for enforcement.

¶10    This is the final decision of the Merit Systems Protection Board in this compliance proceeding.    Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.